UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          Crim. No. 05-40026-FDS
                                  )
EMADEDDIN Z. MUNTASSER,           )
          Defendant.              )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF
CONDITIONS OF RELEASE**

The United States, by and through its attorney, Michael K.
Loucks, the Acting United States Attorney for the District of
Massachusetts, and Aloke Chakravarty, B. Stephanie Siegmann, and
Donald Cabell, Assistant United States Attorneys, hereby opposes
the Defendant's motion to modify the conditions of the
defendant's release as previously set by this court.

**I.   Introduction**

The defendant's motion is the latest among repeated attempts
to progressively shed conditions of release without any
mitigation of the circumstances which gave rise to their
propriety. In this most recent iteration, the defendant
effectively is requesting that the practical restrictions on the
defendant's travel be removed.  The defendant has cited no
material change in the circumstances which warrants a review of,
let alone a relaxation of the conditions of release.  Given the
presumption of detention for a sentenced defendant, the defendant
does not advance facts which make him less of a flight risk, but
rather appeals to some humanitarian or equitable principle in

1

order to outweigh the presumption of detention.  This court
should not further neuter the modest constraints on the
defendant's freedom put in place as an alternative to detention –
constraints which other defendants are routinely ordered to
endure, especially here, where the defendant's debt to society
has been defined, and remains unpaid.  The conditions of release
he seeks to remove are a yoke that the defendant asked to bear in
lieu of serving his sentence pending appeal.

II.        **Procedural History**

       To provide context to the defendant's request, a summary of
the defendant's detention history is in order.  After a brief
detention at the commencement of these criminal proceedings in
2005, the defendant was released on restrictive conditions during
the pre-trial proceedings.  <u>See</u> Dkt. 11, Conditions of Pre-Trial
Release, May 12, 2005, Swartwood, C.M.J.   Throughout the pre-
trial litigation, the defendant sought to modify these conditions
repeatedly, often obtaining the assent of the government for
purposes of specific travel.  On January 11, 2008, the defendant
having been convicted, was detained pursuant to 18 U.S.C.
§3143(a)(1).  The defendant challenged the detention decision and
the Court issued a thoughtful and considered order on January 25,
2008 denying the motion.  <u>See</u> Dkt. 413, Order on the Defendants
Motion for Release From Custody Pending Sentencing.  On March 5,
2008, the First Circuit affirmed the detention determination by

the court, that the presumption of detention had not been
overcome, in light of the fact that federal law disfavors release
on bail after a finding of guilt.  See Dkt. 474, Mandate of U.S.
Court of Appeals (U.S. v. Mubayyid et al., 08-1176 (1st Cir.
2008)).  On March 24, 2008, the defendant again sought release,
and he did so again after the court granted portions of the
defendant's Rule 29 motion, on June 5, 2008.  On June 12, 2008,
the court ordered the defendant released on restrictive
conditions, and issued a written order the next day, adopting and
adding to the conditions set in the pre-trial release order.  See
Dkt. 553, Order Setting Conditions of Post-Conviction Release,
June 13, 2008; see also Dkts. 497, 545, Government's Oppositions
to the Defendant's Motion for Post-Conviction Release.  The
defendant was sentenced to imprisonment on July 17, 2008 and was
permitted to self-report to the United States Marshal.  On August
1, 2008, the defendant sought relief from being placed into
custody pending his appeal, seeking a restoration of the pre-
sentencing conditions of release, citing among other reasons,
that the government's appeal will delay the appellate
proceedings.  C.f. Dkt. 596, Government's Opposition to the
Defendant's Motion for Release from Custody Pending Appeal,
August 18, 2008 (citing unlikelihood of success on the merits of
the defendant's appeal).  On September 9, 2008, the Court allowed
the defendant's motion for release pending appeal, and restored
the post-conviction conditions of release.  On October 30, 2008,

the defendant sought to modify the conditions of release by
removing home confinement, and replacing it with the request for
a curfew.  The motion was again opposed by the government, and
again, it was allowed by the court.  See Dkt. 621, Order on
Defendant's Motion to Modify Bail Conditions, November 26, 2008;
Dkt. 619, Government's Opposition to Defendant's Motion to Modify
Conditions of Release, November 13, 2008.

## II.  Statutory overview

The Bail Reform Act of 1984 created a statutory presumption
in favor of detention upon conviction, as well as a statutory
presumption in favor of detention pending appeal.  See 18 U.S.C.
3143(a) & (b); United States v. Abuhamra, 389 F.3d 309, 318 (2d
Cir. 2004); see United States v. Colon-Munoz, 292 F.3d 18, 20
(1st Cir. 2002).  Thus, release on conditions for a sentenced
defendant is only appropriate if the defendant demonstrated by
clear and convincing evidence that he would not flee if released,
and in the case of release pending appeal, the appeal is not made
for the purpose of delay and raises a substantial question of law
or fact likely to result in reversal, an order for new trial, a
sentence that does not include a term of imprisonment, or a
reduced sentence to a term of imprisonment less than the total of
the time already served plus the expected duration of the appeal
process.  See 18 U.S.C. § 3143(a)(1)(pending sentencing);
3143(b)(1)(pending appeal).  After giving inordinate attention to
the issues surrounding the bases appeals in this case, the court

4

rejected the probability of reversal or a new trial on the count of conviction, and after prior bail hearings, carefully crafted conditions of release.

Consequently, given the strength of the remaining conviction of the defendant, "[f]light might well be more tempting to a defendant without an appellate leg to stand on than one who has a good chance for reversal." <u>United States v. Castiello</u>, 878 F.2d 554, 555 (1st Cir. 1989). Whatever the merits of the defendant's appeal, they have not changed since the court's issuance of its November 26, 2008 order modifying the conditions of release.

## III.    Argument

### A. <u>No Material Change in Circumstances</u>

The court has already resolved the issue of what conditions, if any in the face of a presumption of detention, would reasonably assure the defendant's appearance pending appeal pursuant to 18 U.S.C. Section 3142(c) (as referenced by Section 3143(b)).[1] <u>See</u> <u>id.</u>, Procedural History, <u>supra</u>. At the defendant's request, the court decided that in order to avoid

---

[1]The defendant does not argue, that his appeal is more likely to result in reversal, a new trial, or a reduced sentence below the time he has already served pursuant to 18 U.S.C. section 3143(b)(1)(B). <u>See</u> Dkt. 596, Government's Opposition to the Defendant's Motion for Release from Custody Pending Appeal, August 18, 2008; <u>United States v. Bayko</u>, 774 F.2d 516, 522 (1st Cir. 1985)(requiring that appeal must raise substantial question, and it must be *likely* to resolve to a reversal or a new trial.) Consequently, the government focuses its arguments on the defendant's attempt to meet his burden of proving clear and convincing evidence that he is not likely to flee pursuant to 3143(b)(1)(A) and 3142(c), and how his proposed conditions are not an adequate alternative.

placing him in custody during the foreseeably lengthy period
between sentencing and appeal, that a certain set of conditions
were necessary to reasonably assure the defendant's appearance.
The ruling of the court should only be revisited if there is a
material change in the circumstances which gave rise to that
decision. <u>See</u> <u>generally</u> <u>U.S. v. Zannino</u>, 761 F.2d 52, 55 (1st
Cir. 1985); Comprehensive Crime Control Report at 16, S. Rep. No.
225, 98th Cong., 1st Sess. 21 (1983); <u>see also</u> <u>U.S. v.
Garrastequy</u>, 559 F.3d 34, 40 (1st Cir. 2009)("If [] a defendant
has an opportunity to object to a special condition at sentencing
and remains silent, we review the imposition of a special
condition of supervised release for plain error only.")(citations
omitted).

> B. <u>Issues have already been anticipated and addressed by
> Court</u>

The court recognized when the defendant petitioned for
release post-conviction, that the question of detention was a
close one, and ultimately, determined that there restrictive
conditions of release which would adequately assure the
defendant's appearance. <u>See</u> Dkt. 553, Order Setting Conditions of
Post-Conviction Release June 13, 2008(adopting and *adding*
conditions to the pre-trial release order). The court recognized
at least seven factors which gave credence to international
flight concerns regarding the defendant. After carefully
balancing the factors militating for and against detention, the
court concluded:

> [D]efendants have not carried their heavy burden
> of establishing by clear and convincing evidence that
> they are not likely to flee within the meaning of §
> 3143(a)(1). The Court places particular weight on the
> facts that all three are citizens of other countries,
> with family, financial, and other substantial resources
> outside of the United States . . . [and] that defendant
> Muntasser is not likely to be permitted to remain [in
> the United States] if his conviction is upheld . . .

Dkt 413, January 25, 2008.

The defendant now advances five reasons why the court should relax the conditions of the defendant's release: his history of compliance, the existence of the government appeal, his service of several months incarceration already, the inconvenience of the court's curfew monitoring system, and the inconvenience of seeking court permission to travel nationally for work. None of these facts are new, none of their effects unanticipated, and none of them are more onerous than the ordinary types of conditions imposed on other, less wealthy defendants who walk into our courthouses every day. Moreover, the arguments which the defendant made in order to seek release from detention post-sentencing were premised on the very notion that the appellate process will be time consuming and on account of a variety of personal and professional conveniences. Removed now from the palpability of imminent incarceration, the defendant claims that the conditions he previously proposed are now too restrictive still. Having succeeded in the past, perhaps the defendant perceives no deterrent to asking for even more accommodation, even if for the same, or even contradictory, reasons as those advanced in the past. The court should not reward repetitive

7

pleas for relief when circumstances have not materially altered.

C. Defendant remains a high risk of flight

The existence of a presumption of detention for a convicted and sentenced defendant is based on the logic that such an individual is inherently at risk to flee or to violate the law. Moreover, as the court has previously recognized, the defendant's personal circumstances provide even more incentives and means to flee. See Dkt. 413. Post-Conviction Order on Defendant's Custody, January 25, 2008. The essential factors considered by the court post-conviction, remain in effect today. The defendant is a citizen of Libya, and is subject to removal as a permanent resident alien with a felony conviction. The defendant has access to millions of dollars of resources and a broad, international network of associates, benefactors, and contacts. Indeed, over the years, he has leveraged some of these contacts, such as specially-designated global terrorist Gulbuddin Hekmatyar, to try to assist mujahideen around the world as the President of a local branch of what was later recognized as a terrorist organization, Maktab al-Khidmat a/k/a Al Kifah Refugee Center. There is no extradition treaty with Libya (indeed, current events make it even less likely for such extradition). The defendant, having been sentenced to imprisonment, knows that if he loses his appeal, he will go to jail for several months, and face potentially more collateral effects.

D. The Risk of flight has only increased

Now that the appellate litigation schedule is nigh, if in

fact there has been any material change in circumstance at all, the defendant has only a greater incentive to flee the finality of his fate.

The defendant's plea relies upon the predictable passage of time and the inconvenience which it creates. First, the defendant's compliance with conditions of release is no predictor of future behavior, especially as the jeopardy of being incarcerated nears. See e.g. United States v. Lavandier, 14 F.Supp.2d 169, 174 (D.P.R. 1998) (finding no merit in argument that pre-trial compliance is a reliable predicator of risk of flight after conviction). Secondly, the passage of time creates additional incentives and means to flee. Even as the defendant continues to mount legal bills which may be tempting to avoid, he has also had more time to accumulate greater wealth through his business. Additionally, the passage of time can also make a destination more attractive as political events unfold. One could surmise that he also is now more likely to be regarded favorably when he returns to Libya, and in any event is less likely to be returned to the United States to serve his sentence if he flees for political reasons.[2] Finally, in his penal interest, the defendant now faces the possibility of an increased sentence and greater collateral consequences if the government's appeal is successful. The defendant's inconvenience and history

---

[2]See e.g. Lockerbie Convict Returns to Jubilant Welcome, New York Times, August 20, 2009, Alan Cowell and A.G. Sulzberger, http://www.nytimes.com/2009/08/21/world/europe/21lockerbie.html?_r=1.

of compliance are neither sufficiently changed circumstances to overcome the presumption of detention, let alone warrant modification of the conditions of release.  The defendant still faces a significant prison sentence of several months in custody, even if the judgment remains undisturbed.

At this juncture, to allow the defendant's motion by removing electronic monitoring or a curfew and to permit unrestricted travel without permission of the court, would be to neuter the deterrent efficacy of the conditions on the defendant and any practical means of monitoring whether the defendant has fled or is attempting to do so.  For example, under the defendant's requested conditions, the defendant can travel to Libya and back (should he choose to do the latter) without any meaningful deterrent, and without indication to pre-trial services officer, the court, or the government.

**IV.  Conclusion**

Wherefore, the government respectfully submits that the defendant remains at risk to flee, the relevant circumstances in this case have not materially changed, wherefore the defendants' renewed motion should be DENIED.

<div style="margin-left:40%">

Respectfully submitted,
MICHAEL K. LOUCKS
Acting United States Attorney

By:   /s/ Aloke Chakravarty
      ALOKE S. CHAKRAVARTY
      B. STEPHANIE SIEGMANN
      DONALD L. CABELL
      Assistant U.S. Attorneys
</div>

Date: August 25, 2009

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have sent this document on this date, August 25, 2009 via Electronic notice to counsel for the Defendants in this case.

                         /s/ Aloke Chakravarty
                        ALOKE CHAKRAVARTY
                        ASSISTANT UNITED STATES ATTORNEY